UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                      :

RONALD ATKINSON,                  :
                      :

              Petitioner,       :           13 Civ. 2790 (JMF)
                      :

          -v-               :           <u>MEMORANDUM</u>
                      :          <u>OPINION AND ORDER</u>

CATHERINE LINAWEAVER,     :
                      :

             Respondent.    :
                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, brought pursuant to Title 28, United States Code, Section 2241, Petitioner

Ronald Atkinson challenges his prolonged detention in the Special Housing Unit (the "SHU") of

the Metropolitan Correctional Center in New York, New York (the "MCC"). Atkinson, a federal

inmate who is serving a sentence of 151 months' imprisonment for bank robbery and was

recently sentenced to an additional 151 months' imprisonment, to be served consecutively, for

assaulting a Bureau of Prisons ("BOP") officer at another detention center, contends that he has

been held in the SHU for approximately four years in violation of his Fifth Amendment due

process rights. (Docket No. 1). Respondent Catherine Linaweaver, the Warden of the MCC,

counters that Atkinson's incarceration in the SHU is a result of the threat he poses to others and

the large number of disciplinary infractions he has incurred, and that Atkinson has received all

the process he is due under the Fifth Amendment and BOP regulations. (Docket No. 10).[1]

---

[1] In a letter dated October 1, 2013, Respondent advised the Court that, after the resolution of this case, Petitioner will be transferred back to the United States Penitentiary Big Sandy in Inez, Kentucky, where he will be released into the general population provided he does not commit any disciplinary infractions. (Docket No. 20). According to the letter, Petitioner's

Although the sheer length of time that Petitioner has been confined to the SHU gives the Court some pause, the Petition ("Petition" or "Pet.") must be and is dismissed for failure to exhaust administrative remedies.  In a case brought pursuant to Section 2241, exhaustion is not required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (Supp. II 1996), and does not go to the Court's jurisdiction to adjudicate the dispute, *see Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Howard v. Headly*, 72 F. Supp. 2d 118, 122 (E.D.N.Y. 1999). Nevertheless, the Second Circuit has held in no uncertain terms that an inmate must exhaust his administrative remedies prior to seeking relief under Section 2241.  *See Carmona*, 243 F.3d at 634.  The requirement "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make judicial review more efficient, and resolv[es] issues to render judicial review unnecessary." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003).  The failure to exhaust constitutes a procedural default that bars judicial review unless the petitioner makes a showing of cause and prejudice.  *See Carmona*, 243 F.3d at 634.

BOP inmates must exhaust the four-step procedure set forth in the BOP's Administrative Remedy Program.  *See* 28 C.F.R. pt. 542.  BOP regulations provide a process through which an inmate may "seek formal review of an issue relating to any aspect of his/her own confinement." *Id.* § 542.10.  In particular, an inmate must first attempt informal resolution of an issue by presenting it to staff, and staff must attempt to resolve the issue.  *See id.* § 542.13(a).  If the complaint is not resolved informally, the inmate may submit a formal written Administrative Remedy Request, on a designated form, within twenty days of the event that triggered the inmate's complaint.  *See id.* § 542.14(a).  If that formal request is denied, the inmate may submit

---

counsel requested that Petitioner not be transferred until the resolution of this case.  Given that the principal remedy Petitioner seeks in this case is release from the SHU into general population, the Court finds counsel's request somewhat puzzling.

an appeal to the appropriate Regional Director of the BOP.  *See id.* § 542.15(a).  A negative

decision from the Regional Director must, in turn, be appealed to the General Counsel's office

(in the BOP's Central Office) within thirty days of the date of the Regional Director's decision.

*See id.* § 542.15(a).  An administrative remedy appeal is not considered exhausted until it has

been considered by the BOP's Central Office.  *See id.* § 542.14-15; *see also Thomas v. Terrell*,

No. 10-CV-512, 2012 WL 1745434, at *2-3 (E.D.N.Y. May 15, 2012).

In this case, Petitioner has not exhausted his administrative remedies because he did not

pursue his claims through the final stage of the foregoing Administrative Remedy Program.  *See,*

*e.g.*, *Thomas*, 2012 WL 1745434, at *2-3 (dismissing for failure to exhaust where, as here, the

inmate had not appealed to the General Counsel).  Petitioner submitted Informal Resolution

Forms to BOP staff under Section 542.13(a) and Administrative Remedy Requests to the MCC

Warden under Section 542.14(a).  (*See* Johnson Decl. Exs. J-N).  When Atkinson did not get the

relief he was seeking in that way, he pursued appeals to the Regional Director under Section

542.15(a).  (*See* Johnson Decl. Exs. O-P).  But he did not appeal the denials of his claims by the

Regional Director to the General Counsel.  (*See id.* ¶ 27 & Ex. Q).  Moreover, Atkinson failed to

appeal to the General Counsel even though the Regional Director's decisions expressly stated

that if he was "dissatisfied with" the Regional Director's decision, he "may appeal to the General

Counsel," and that any such appeal "must be received . . . within 30 calendar days of the date of

this response."  (*Id.* Exs. O-P; *see also* 28 C.F.R. § 542.15(a)).

Significantly, Petitioner all but concedes that he failed to exhaust his administrative

remedies.  (*See* Pet. ¶ 17; *see also* Pet'r's Mem. 3-5; Reply 8).  But he argues that exhaustion is

not required because "administrative appeals have proven to be both futile and inadequate to

prevent irreparable harm."  (Reply 8).  A petitioner's failure to exhaust administrative remedies

may indeed be excused for cause "when such exhaustion would be futile or where the agency has predetermined the issue before it." *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009) (internal quotation marks omitted).  But here, Petitioner provides no basis for his futility argument beyond the fact that his prior administrative requests were denied — which is insufficient as a matter of law to establish futility.  *See, e.g.*, *Johansson v. Strada*, No. 12-CV-5296 (ARR), 2012 WL 6093534, at *3 (E.D.N.Y. Dec. 7, 2012) ("[T]he unlikelihood of success of a claim 'is not tantamount to stating that it would have been futile to raise it.'" (quoting *Beharry*, 329 F.3d at 62)); *Collins v. Zickefoose*, No. 3:08 Civ. 747, 2008 WL 4980361, at *3 (D. Conn. Nov. 20, 2008) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion.  Lightning may strike; and even if it doesn't, in denying relief the [BOP] may give a statement of its reasons that is helpful to the district court in considering the merits of the claim." (internal quotation marks omitted)).

*United States v. Basciano*, 369 F. Supp. 2d 344 (E.D.N.Y. 2005), upon which Petitioner relies (Pet'r's Mem. 4), does not call for a different result.  In that case, the district court ordered the Government to release a pretrial detainee from administrative detention notwithstanding his failure to exhaust administrative remedies.  The court held that the Government had waived its non-exhaustion defense by relegating its argument to a single conclusory footnote.  *See* 369 F. Supp. 2d at 349.  In dictum, the court also stated that, even if the Government had not waived the defense, exhaustion would have been "unnecessary" because Basciano had never received an administrative explanation for the conditions of his detention or a response from the Warden to his request for an administrative remedy.  *Id.*  Basciano, the court reasoned, was "thus faced with the prospect of perpetual detention without access to judicial review under circumstances that raise a serious and urgent constitutional question while the BOP fiddles. . . .  The administrative

4

appeals process would thus, in the circumstances of th[at] case, be an empty formality that would risk exposing Basciano to irreparable harm." *Id.*

In this case, by contrast, the Government has indisputably not waived the non-exhaustion defense. Indeed, Atkinson's failure to exhaust his administrative remedies is one of the principal bases for Respondent's opposition to the Petition. (Resp.'s Mem. 13-17). As for the *Basciano* court's second point, this Court is not persuaded that an alleged failure to provide an inmate with an explanation for his conditions of confinement could excuse the inmate from pursuing his administrative remedies; indeed, the BOP's Administrative Remedy Program exists precisely to allow inmates to grieve such issues. But even if the BOP's alleged failure in that regard could excuse an inmate from having to pursue his remedies, there is no basis to apply that rule here as Respondent did provide Petitioner with an explanation of his detention status. (*See* Johnson Decl. ¶ 7 & Ex. A; Resp.'s Mem. 19-22). Furthermore, whereas the Warden in *Basciano* had failed to respond to the inmate's complaints in a timely fashion, there is no such claim here. (*See* Johnson Decl. ¶¶ 34-34 & Exs. M-N). Thus, even if *Basciano*'s dictum were binding on this Court — which it is not — there would be no basis to conclude here that the administrative appeals process would be "an empty formality." 369 F. Supp. 2d at 349.

Thus, Petitioner is not excused from exhausting his administrative remedies, and his failure to exhaust constitutes a procedural bar that precludes judicial review absent a showing of cause and prejudice. *See Carmona*, 243 F.3d at 634. Petitioner has not even attempted to show cause (except to the extent that his arguments with respect to futility could be construed to be arguments with respect to cause as well). Further, he has not, and likely cannot, show that he would be prejudiced by complying with the BOP's Administrative Remedy Program. Notably, after the Regional Director denied Petitioner's administrative claims on April 27, 2012 (*see*

Johnson Decl. Exs. O-P), Petitioner waited almost a full year before filing the Petition in this case on April 2, 2013.  (Docket No. 1).  Thus, Petitioner "had more than enough time to exhaust his administrative remedies and his own delay does not excuse his failure to do so." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 367 (S.D.N.Y. 2009) (rejecting an argument that a petitioner should have been excused from the exhaustion requirement due to time constraints).

For the foregoing reasons, the Petition is DENIED and DISMISSED.[2]  It is somewhat unclear whether a certificate of appealability would be required for Atkinson to appeal from the Court's decision.  *Compare, e.g.*, *Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003) (reaffirming that the requirement for a certificate of appealability "does not apply to federal habeas proceedings, such as the instant one, brought pursuant to 28 U.S.C. § 2241"), *with Cespedes v. United States*, No. 01-CV-2249 (ILG), 2001 WL 811929, at *1 (E.D.N.Y. June 11, 2001) (noting that the Second Circuit had granted a certificate of appealability in connection with the petitioner's appeal from a prior order treating his Section 2241 petition as a Section 2255 petition).  To the extent the requirement does apply, Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1014-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997).  Moreover, this Court certifies pursuant to Title 28, United States Code, Section

---

[2]      In a letter dated September 24, 2013, Petitioner applied to the Court for an immediate transfer to a particular non-federal facility.  (Docket No. 15).  In light of the dismissal of the Petition, that application is denied as moot.  In the alternative, the application is denied on the merits substantially for the reasons stated in Respondent's responsive letter of September 26, 2013.  (Docket No. 17).  Petitioner has not established that this Court has authority to order his transfer to a non-federal facility.  Moreover, to the extent that Petitioner's new allegations and request for relief go beyond those set forth in the Petition, he did not seek, let alone obtain, leave to amend the Petition, *see* Fed. R. Civ. P. 15(a)(2), or exhaust his administrative remedies.

1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: October 2, 2013
      New York, New York

JESSE M. FURMAN
United States District Judge